### WILLIAM TAYLOR *v.* JOHN H. McMILLION'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 3—465.]

**Vendor's Lien on Real Estate.**

In the conveyance of real estate when the vendor retains a lien for the purchase-money the fact that the note for such purchase-money has a surety upon it can make no difference; such fact does not discharge the lien.

APPEAL FROM MONROE CIRCUIT COURT.

November 29, 1881.

OPINION BY JUDGE PRYOR:

There was no error in the judgment below determining that the lien of the vendor, McMillion, was superior to that of the mortgagee. The note for the purchase-money was given and accepted by the appellee's intestate at the time the deed was executed and the lien retained, and the fact that the note has a surety upon it, and is described only as the note of the vendee in the conveyance made, can make no difference. It is the note of the vendee, Logan, and instead of being a waiver of the lien, the proof as well as the conveyance shows that it was the purpose of McMillion in taking the surety to make the security of the debt more certain. There is no evidence of any waiver or any intention to abandon the lien, but on the contrary, the whole transaction, being one, evidences a plain purpose on the part of the vendor to retain a lien. The proof also shows that the down timber purchased of the appellant, or rather his right to near 50 cords of it, was in no manner impaired, and the reason the appellant was prohibited from cutting it was that he attempted to remove timber that by the terms of the contract he had no right to remove.

The judgment below is *affirmed.*

*W. A. Bullock, J. M. Busham, for appellant.*

*V. H. Grinstead, P. H. Leslie, for appellee.*